D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————X

TFL INTERNATIONAL, INC.,

        Plaintiff,

      -against-

CHRISTOPHER PINKOW, and SAVE N GO AUTO
SALES, INC.,

        Defendants.

—————————————————————————X

**ORDER**
**09 CV 4708 (SJF)(ARL)**

FEUERSTEIN, J.

On October 30, 2009, plaintiff TFL International, Inc. ("Plaintiff") commenced this

action against the Christopher Pinkow ("Pinkow") and Save N Go Auto Sales, Inc. ("Save N

Go") (collectively "Defendants") alleging violations of the Federal Odometer Act, 49 U.S.C. §

32701, *et seq.*, as well as fraud, breach of contract, and unjust enrichment. Defendants have

moved to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil

Procedure. For the reasons set forth herein, Defendants' motion is granted in part and denied in

part.

I.      Background

Plaintiff's claims arise out of an alleged contract requiring Defendants to provide Plaintiff

with a number of Toyota Landcruisers with low mileage at a set price and re-upholstered within a

1

proscribed period of time so that Plaintiff could export them for overseas buyers. Compl. at ¶¶ 9-16. Plaintiff claims that Defendants breached the contract by failing to provide all of the promised Landcruisers on time, and that the odometer on at least one of the Landcruisers that were provided had been tampered with to read the contracted for mileage. *Id.* at ¶¶ 17-19.

Plaintiff filed the complaint in the Eastern District of New York alleging federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. *Id.* at ¶ 5. Save N Go is a corporation located in and incorporated pursuant to the laws of Florida. *See id.* at ¶ 2. Plaintiff alleges Pinkow lives in Jericho, New York. *Id.* at ¶ 3. Plaintiff alleged that venue in this district was appropriate based upon the claim that Pinkow resides in this district and that a "substantial part of the events giving rise to occurred in this district." *Id.* at ¶ 5. Plaintiff served the complaint on Save N Go on an authorized agent at a Pembroke Pines, Florida address. *See* DE 3. Plaintiff served the complaint on Pinkow by delivering it to Karen Hawkins, a tenant at Pinkow's residence, 29 Orange Drive, Jericho, New York. *See* DE 2.

Defendants moved to dismiss the complaint claiming lack of personal jurisdiction. Pinkow states that, although he lived in Jericho until February 2009, he now lives in North Miami Beach, Florida and has no additional contacts with the state. Affidavit of Christopher Pinkow, February 18, 2010 ("Pinkow Aff.") at ¶¶ 3-4, 11. Pinkow states that he had no part in Save N Go until he moved to Florida in 2009, but that now he is the Vice President of Save N Go. *Id.* at ¶¶ 1, 6. Pinkow further states that the incidents involved in the claim occurred after he had moved to Florida. *Id.* at ¶¶ 12-19.

II.     Rule 12(b)(2) Motion to Dismiss


        A.      Standard of Review


        Although a plaintiff must ultimately establish personal jurisdiction over the defendant by

a preponderance of the evidence, see Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194,

197 (2d Cir. 1990); Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117,

120 (2d Cir. 1984), in opposing a Rule 12(b)(2) motion prior to discovery, "the plaintiff need

make only a prima facie showing of jurisdiction through its own affidavits and supporting

materials." Grand River Enter., Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005),

cert. denied sub nom King v. Grand River Enter., Six Nations, Ltd., 549 U.S. 951, 127 S. Ct.

379, 166 L. Ed.2d 267 (2006) (citations omitted). In order to make a prima facie showing of

jurisdiction, the plaintiff need only plead "legally sufficient allegations of jurisdiction." Jazini v.

Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998); see also Dorfman v. Marriott Int'l

Hotels, Inc., No. 99 Civ. 10496, 2002 WL 14363, at * 1 (S.D.N.Y. Jan. 3, 2002).

        "Unlike a motion to dismiss pursuant to Rule 12(b)(6), deciding a Rule 12(b)(2) motion

necessarily requires resolution of factual matters outside the pleadings." ADP Investor Commc'n

Servs, Inc. v. In House Attorney Servs., Inc., 390 F.Supp.2d 212, 217 (E.D.N.Y. 2005). "Where

the issue is addressed on affidavits, all allegations are construed in the light most favorable to the

plaintiff and doubts are resolved in the plaintiff's favor." Whitaker v. American Telecasting Inc.,

261 F.3d 196, 208 (2d Cir. 2001) (quoting A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80

(2d Cir. 1993)); see also In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir.

2003) (holding that a plaintiff's averments of jurisdictional facts must be credited as true); ADP Investor, 390 F.Supp.2d at 217.


B.    Jurisdictional Analysis


Plaintiff's claims fall into two categories: (1) a violation of the Federal Odometer Act as a qui tam relator pursuant to 49 U.S.C. § 32710(b), and (2) state claims of fraud and breach of contract brought in diversity. Defendants argue that there is no personal jurisdiction over them because New York State would not have personal jurisdiction, and that they do not have minimum contacts with New York State as required by due process as articulated in International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) and World-Wide Volkswagon Corp. V. Woodson, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed.2d 490 (1980).

A determination of whether there is a basis to exercise personal jurisdiction over a defendant requires to apply a two pronged analysis. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999); see also; D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) (holding that in diversity cases, the issue of personal jurisdiction is governed by the laws of the forum state, so long as the exercise of jurisdiction comports with the requirements of due process); Grand River 425 F.3d at 165. First, a court will look to the law of the forum state, here New York, to determine whether there is jurisdiction over the defendant. See Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996). Second, a court "must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." Bank Brussels Lambert, 171 F.3d at 784. A

4

court will also use this analysis when determining personal jurisdiction over a defendant in a federal question case. See Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158 (2d Cir. 2010). Personal jurisdiction is established over the defendant based upon the connection to the forum state "at the time the lawsuit is filed." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria, 937 F.2d 44, 1991 A.M.C. 2751, 19 Fed.R.Serv.3d 1277 (2d Cir. 1991); see also Sokolow v. Palestine Liberation Organization, 583 F.Supp.2d 451 (S.D.N.Y. 2008); Penny v. United Fruit Co., 869 F.Supp. 122 (E.D.N.Y. 1994).

1.      Personal Jurisdiction over Pinkow

New York state has personal jurisdiction over a defendant domiciled in the state of New York, even when that person is served outside of the state. *See* New York Civil Practice Law and Rules ("C.P.L.R.") §§ 313. Furthermore, a forum state's jurisdiction over a domiciliary of that state does not violate the due process requirements because a forum state's resident has contacts with the state and could, therefore, reasonably foresee being sued in that state. See World-Wide Volkswagon, 444 U.S. at 297.

Plaintiff alleges in the complaint that Pinkow resided at the Jericho, New York address when the complaint was filed. Compl. at ¶ 6. In support, Plaintiff provides the affidavit of Jerry Tauro, self described "principal" of Plaintiff corporation. Plaintiff's Opposition, Affidavit of Jerry Tauro, March 30, 2010 ("Tauro Aff."). Tauro states he was told by Pinkow that he had a "home" and "extensive business in New York" and that "in the summer of 2009," Pinkow had

told him the he would be "spending some time in Florida," assuring him that "it would not adversely affect his New York business and New York contacts he had cultivated for years." *Id.* at ¶ 5, 7. Tauro's investigation of Pinkow's indicates that Pinkow retains a New York state driver's license and is registered to vote in New York state, and Pinkow's 2008 Federal income tax return, prepared on July 15, 2009, lists his address in Jericho, New York. *Id.* at ¶ 3; Plaintiff's Opposition, Exhibit 8. Although Pinkow contends that he has "resided" at a Florida state address since he moved there in Februray 2009, he has provided no documentation in support. Pinkow Aff. at ¶ 3.

Viewing the allegations in a light most favorable to the Plaintiff, Plaintiff has made a prima facie showing of personal jurisdiction over Pinkow.

### 2.    Personal Jurisdiction over Save N Go

New York State law determines jurisdiction over a non-domiciliary corporation in New York Civil Practice Law and Rules ("C.P.L.R.") §§ 301 and 302.

Section 302 provides, in relevant part, that a court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent: (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state;" (2) "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act;" (3) "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act;" or (4) "owns, uses or possesses any real property situated within the state." C.P.L.R. § 302(a).

Plaintiff has not alleged that Save N Go meets any of the above criteria. Plaintiff's argument that Pinkow is Save N Go's agent, and that Save N Go therefore uses Pinkow's "New York contacts" does not allege what, if any, business Save N Go conducts with New York state or allege how the contract purported to supply goods or services in the state. There are no allegations describing in what way the alleged tortious acts were committed in the state; there are no allegations that any person or property in the state was injured; there are no allegations that Save N Go owns, uses or possesses an real property in the state. Section 302 of the C.P.L.R. does not authorize personal jurisdiction over a non-domiciliary corporation based upon an agent's residence in the forum state.

Pursuant to C.P.L.R. § 301, defendant is subject to general personal jurisdiction if it is "doing business" in the state. See Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000). Section 301 "permits a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is 'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of its "presence" in this jurisdiction.'" Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (quoting McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)). "A corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" Wiwa, 226 F.3d at 95 (quoting Hoffritz for Cutlery, Inc. v. Amaiac, Ltd., 763 F.2d 55, 58 (2d Cir.1985)). In this determination, courts will consider "whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing

in the state, whether it does public relations work there, and whether it has individuals permanently located in the state to promote its interests. See Wiwa, 226 F.3d at 98.

With respect to Save N Go's business presence in New York state, Plaintiff alleges that it wired several payments to "Defendants' account at Bank of America in New York City" (Compl. at ¶¶ 11, 12, 14). Tauro states that he entered into this contract with Pinkow because he was assured low prices "due to his extensive contacts in New York." Taruo Aff. at ¶ 4. Tauro states that he interacted with Defendants by contacting Pinkow at is email address, nycautodealer1@aol.com, and his cellular telephone number, which had a "516" area code indicating it was from Nassau County. Id. at ¶ 5. Tauro states that when he first met Pinkow, "Pinkow told me about his home and extensive business in New York," and his New York State corporation, C.Z.P. Suppliers and Distributors, Inc., which is still active. Id. at ¶¶ 5-6. Tauro states that "in the summer of 2009," Pinkow only told him that he would be "spending some time in Florida," and had assured him that "it would not adversely affect his New York business and New York contacts he had cultivated for years." Id. at ¶ 7.

Plaintiff does not allege sufficient facts that support his allegation that Save N Go was engaged in a systematic course of doing business in New York state at the time the complaint was filed. Plaintiff has alleged one bank account and no other property in the state, its contact phone number for Save N Go - Pinkow's cellular telephone number - listed in the state, and Pinkow's residency in the state. There are no allegations that Save N Go had any offices in New York state, a company phone line listed there, or any public relations work in the state. Insofar as Plaintiffs argues that Pinkow's residence in the state establishes that Save N Go had an agent permanently located in New York to promote their interests, Plaintiff does not allege facts to

8

support the allegations (1) that Pinkow was located in New York to promote the interest of Save N Go, (2) that Pinkow was permanently located there as an agent of Save N Go, or (3) that Pinkow acted as an agent of Save N Go while in New York. The unsupported allegations that Save N Go hired Pinkow in order to benefit from his New York contacts and that Save N Go actually used Pinkow's New York contacts (*see* Plaintiffs Memorandum in Opposition at 12) do not sufficiently demonstrate that Save N Go was doing business in New York at the time the complaint was filed. Plaintiff's subjective belief that he was doing business with a New York businessman or a New York corporation (*see* Tauro Aff. at ¶ 7) is insufficient to make a prima facie case that Save N Go was doing business in New York with a fair measure of permanence and continuity.

The allegations do not make out a prima facie case that New York state would have jurisdiction over Save N Go. Therefore, Plaintiff has failed to establish personal jurisdiction over Save N Go and it is unnecessary to evaluate whether jurisdiction over Save N Go is consistent with the requirements of federal due process.

IV.    Conclusion


Based upon the foregoing, Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is granted with respect to Save N Go without

prejudice and denied with respect to Pinkow.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

11/19/10

Dated: November 19, 2010
Central Islip, New York